## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

OSCAR WOODS                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 3:22-CV-070-MPM-RP

GAY TOYS, INC.                                                   DEFENDANTS

### ORDER REVOKING PRO HAC VICE ADMISSION

This matter is before the court for consideration of Attorney Philip Oliphant's Response to Show Cause Order. ECF #28. After careful consideration, the court finds that Mr. Oliphant's *pro hac vice* admission in this case should be revoked.

The court has recently twice denied applications for Mr. Oliphant to be admitted *pro hac vice* in another case – first for having appeared in more than five cases in Mississippi in the preceding twelve months and for failing to disclose all those cases in his application; and then for repeatedly filing or appearing in that case without court approval -- both before and after his first *pro hac vice* application was denied, and then yet again after the clerk's notice of such a violation. *See Mostafa Kamal v. Swinnea Enterprise, Inc., et al.,* No. 3:22-CV-208-SA-RP, ECF #5 and ECF #18 (N.D. Miss. Nov. 29, 2022). Additionally, after reviewing the docket in its pending cases in which Mr. Oliphant has been admitted *pro hac vice*, the court observed that he has also filed or appeared without approval on multiple occasions in other cases, specifically *Maria Velasquez v. El Nopalito Mexican Grill, Inc., et al.,* No. 3:22-CV-102-RP and *Rubi Real v. El Nopalito Mexican Grill, Inc., et al.,* No. 3:22-CV-119-RP. The clerk docketed notices of correction as to Mr. Oliphant's improper filings in those cases, and yet Mr. Oliphant thereafter committed the same violation on multiple occasions in *Kamal*. Also, as *pro hac vice* counsel in this case, Mr. Oliphant filed documents on multiple occasions without the signature of the resident attorney as required, despite the clerk's notice of correction as to the first such violation.

The court may revoke an attorney's *pro hac vice* admission for the same reasons it may deny his admission or for just cause determined by the court. L.U.CIV.R. 83.1(d)(7). Further, an attorney's failure to comply with the court's rules, if such noncompliance is found to be flagrant, may result in the revocation of the attorney's admission to practice before the court altogether, which revocation must be reported by the clerk to the appropriate official of the attorney's state bar. L.U.CIV.R. 83.1(c)(1). As a result of Mr. Oliphant's repeated rules violations and his disregard of the court's rulings and corrective notices as described above, the court ordered Mr. Oliphant to show cause why his *pro hac vice* admission in this case should not be revoked, why his admission to practice before this court altogether should not be revoked, and why such revocation should not be reported to the appropriate official of the bar of the State of Tennessee. ECF #26. The court issued similar show cause orders to Mr. Oliphant in the other cases in which he is *pro hac vice* counsel.

In response to the court's show cause orders in this case and the other cases, Mr. Oliphant acknowledges the repeated errors and calls them inexcusable; he states that their identification by the court has resulted in a large scale audit of his firm's filings and a retraining of key support staff in the proper filing of court documents; and he assures the court that if he is allowed to retain his *pro hac vice* admission and to continue to practice before this court, the errors noted by the court will not be repeated. However, this assurance notwithstanding, Mr. Oliphant filed his response in this case without the signature of the resident attorney as required. ECF #27.[1] Mr. Oliphant's response to the show cause order in *Robert J. Thomson v. Grillehouse of Southaven,*

---

[1] Instead of the signature of the resident attorney -- John L. Hinkle, Jr. -- the response included the signature of John B. Turner, Jr., an attorney in Mr. Oliphant's law firm who is the resident attorney in the *Velasquez* and *Real* cases but not this case.

*LLC, et al.,* No. 3:18-CV-195-NBB-RP, was identically defective.[2]  In his responses in all four

cases, Mr. Oliphant also lists as his co-counsel an attorney – Alan G. Crone – who is not

admitted to practice before this court.

The court is not persuaded by Mr. Oliphant's responses and concludes there is good

cause to revoke his *pro hac vice* admission in this case and the others.  Although the court could

well find that Mr. Oliphant's repeated rules violations despite the court's orders and corrective

notices are flagrant and should result both in the revocation of his admission to practice before

this court altogether and the reporting of such revocation to the appropriate official of the bar of

the State of Tennessee, the court will decline to do so at this time.  However, the court will

certainly consider the revocations in this case and the others and the reasons therefor when

considering any future application by Mr. Oliphant to be admitted to practice before this court.

THEREFORE, the *pro hac vice* admission of attorney Philip Eric Oliphant in this case is

REVOKED.

**SO ORDERED**, this the 4th day of January, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[2] After the clerk's notices of correction as to the filings in this case and in *Thomson*, Mr.
Oliphant refiled his response in each case with the signature of the correct resident attorney.